# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

RONNIE FERGUSON,

    PLAINTIFF,

CIVIL ACTION NO.

v.

THE GREEN DOCTOR, LLC
and JOSEPH TUCKER,

    DEFENDANTS.

## COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II. PARTIES

2. Plaintiff, Ronnie Ferguson, (hereinafter "Plaintiff") is a resident of Cropwell, St. Clair County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

3. Defendant, The Green Doctor, LLC (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4. Defendant, Joseph Tucker (hereinafter "Tucker"), is a is an employer within the meaning of the FLSA, as he was involved in the day-to-day operations of Defendant. Joseph Tucker is a resident of Alabama.

## III. STATEMENT OF FACTS

5. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendants hired Plaintiff through a temporary agency on or about August 12, 2016.

7. Defendants made Plaintiff a permanent employee on or about December 11, 2016.

8. Defendants employed Plaintiff as a Lawn Technician.

9. Defendants terminated Plaintiff on October 13, 2017.

10. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

11. During the two years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

## IV. COUNT ONE – FLSA – Overtime Violations

12. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-11 above.

13. During the two years preceding the filing of this Complaint, Defendant, The Green Doctor LLC, was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

14. During the two years preceding the filing of this Complaint, Defendant The Green Doctor LLC, has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

15. Defendant, The Green Doctor LLC's, gross annual volume of revenue exceeds $500,000.

16. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

17. At all times relevant to this action, Tucker was an employer of Plaintiff as defined by 29 U.S.C. § 203(d), as he directed the day-to-day operations of Defendant and served as Plaintiff's supervisor.

18. During the two years preceding the filing of this Complaint, Plaintiff, and all other similarly situated Lawn Care Technicians were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

19. Plaintiff and all similarly situated Lawn Care Technicians employed by Defendants were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Plaintiff's interstate commercial activity included, but was not limited to, spraying lawns with fertilizers, weed killers, and pest control, selling products that originated out of state or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

20. During the two years preceding the filing of this Complaint, Defendants recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

21. Defendants failed to pay Plaintiff for all hours worked in excess of forty in a work week.

22. Defendants paid Plaintiff an hourly rate of $17.00 per hour.

23. After Plaintiff became a permanent employee, Defendants routinely reduced Plaintiff's hours paid to an amount well below Plaintiff's hours worked.

24. During work weeks in which Plaintiff worked in excess of forty hours, Defendant's reduction of Plaintiff's paid hours below the agreed upon hourly rate resulted in denial of overtime compensation.

25. On or about September 17, 2017, Plaintiff raised a complaint to Chris Budney about the reduction in pay.

26. During the week in question, Plaintiff's time card recorded 51 hours and 29 minutes of labor.

27. Defendants compensated Plaintiff for 32 hours at a rate of $17.00 per hour.

28. Defendants failed to pay Plaintiff 18 hours and 29 minutes of labor, of which 11 hours and 29 minutes was due to be compensated at a rate of one and one-half times his regular hourly rate of $17.00 per hour.

29. Defendants have failed to pay Plaintiff overtime compensation under similar circumstances on several occasions.

30. Defendant Tucker's justification for reducing Plaintiff's hours worked for "failure to complete daily quota while maintaining "on-the-clock" status."

31. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

### V.  COUNT TWO – FLSA Anti-Retaliation Statute

32. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-31 above.

33. Chris Budney supervised Plaintiff at Defendants' South Branch location.

34. On or about September 17, 2017, Plaintiff raised a complaint to Budney about the reduction in pay.

35. During the week in question, Plaintiff's time card recorded 51 hours and 29 minutes of labor.

36. Defendants compensated Plaintiff for 32 hours at a rate of $17.00 per hour.

37. Defendants failed to pay Plaintiff 18 hours and 29 minutes of labor, of which 11 hours and 29 minutes was due to be compensated at a rate of one and one-half times his regular hourly rate of $17.00 per hour.

38. Defendants have failed to pay Plaintiff overtime compensation under similar circumstances on several occasions.

39. On or about September 18, 2017, Defendant Tucker issued Plaintiff a disciplinary write-up for "failure to complete daily quota while maintaining 'on-the-clock' status is strictly prohibited. Failure to maintain professional level of behavior in the workplace."

40. Budney promised Plaintiff and the other workers pay for lost days worked due to Hurricane Irma.

41. Plaintiff spoke to Defendant Tucker about the promise for pay.

42. Tucker wrote a personal check to Plaintiff for the missed days of work, but, upon information and belief, Tucker then deducted Budney's pay for the amount of the check that he wrote to Plaintiff.

43. Defendant Tucker terminated Plaintiff on October 13, 2017.

44. Defendant Tucker stated that Plaintiff "was butting heads with the manager."

45. As a result of Defendants' willful and intentional violation of the FLSA in terminating Plaintiff's employment in retaliation for Plaintiff's complaints of non-payment of overtime in accord with the FLSA, Plaintiff has been damaged, suffering loss of pay, benefits and other compensatory damages

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his back overtime pay, back pay, plus an additional equal amount as liquidated damages for the unpaid wages and backpay; compensatory damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.   For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 – Facsimile

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**PLEASE SERVE DEFENDANTS AT:**
The Green Doctor, LLC
c/o Joseph Tucker
680 Oak Grove Road
Springville, AL 35146

Joseph Tucker
680 Oak Grove Road
Springville, AL 35146

8